# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RONALD "SCOTT" AND AMANDA GOODWIN,<br><br>**Plaintiffs,**<br><br>v.<br><br>WAL-MART STORES, INC.,<br>WAL-MART STORES EAST, LP,<br>WAL-MART ASSOCIATES, INC.,<br>WAL-MART REAL ESTATE BUSINESS TRUST,<br><br>**Defendants.** | DOCKET NO. _____<br><br>JURY DEMAND |

## COMPLAINT

Plaintiffs Ronald "Scott" and Amanda Goodwin bring this action against Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP; Wal-Mart Stores, Inc.; Wal-Mart Associates, Inc.; and Wal-Mart Real Estate Business Trust (collectively "Wal-Mart"), and for their cause of action, show the Court as follows:

### I. PARTIES

1. Ronald "Scott" and Amanda Goodwin are residents and citizens of Smithville, DeKalb County, Tennessee.

2. Wal-Mart is licensed to do business in the State of Tennessee and is currently doing business in the State of Tennessee. Wal-Mart Store #4414 is located at 515 W. Broad Street, Smithville, TN 37166 and is the location where the incident occurred. The agent for service of process of Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Wal-Mart Associates, Inc., and Wal-Mart Business Real Estate Trust is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. PERTINENT FACTS

5. On July 15, 2021, Mr. Scott Goodwin traveled to Wal-Mart Store # 4414 to pick up some snack items for his co-workers.

6. After parking his jeep in front of Wal-Mart, Scott Goodwin began walking towards the front entrance of the store. Suddenly, he slipped and fell in a pool of oil in the parking lot. The pool of oil exhibited signs of its prolonged presence and multiple Wal-Mart employees were in the vicinity and failed to remedy or warn of the dangerous condition.

7. Scott Goodwin experienced immediate, sharp, intense pain and knew his knee was badly injured. He could not walk or stand.

8. There were multiple Wal-Mart employees in the parking lot and they failed to take corrective action. These employees either saw or should have seen the hazard.

9. Employees of Wal-Mart had negligently and unnecessarily failed to clean up or address the pool of oil in the parking lot.

10. Scott Goodwin suffered an MPLF tear and underwent knee reconstruction surgery because of the fall. He is a candidate for knee replacement surgery in the future because of his injury.

11. Scott suffered severe and permanent injuries as a result of the fall.

12. Scott has incurred significant medical expenses as a result of the fall.

13. Inviting the public onto its premises, Wal-Mart is responsible for maintaining the store premises, including the parking lot, in a safe manner. Wal-Mart breached its duty by creating and/or allowing a dangerous condition to exist.

14. Wal-Mart either created, knew, or should have known of the dangerous condition, which existed near the cart return area where patrons and Wal-Mart employees frequently walk.

15. Wal-Mart took no steps to warn and/or notify customers of the dangerous condition that existed and took no steps to rectify or make safe the area that they knew would be frequented by patrons, visitors, and invitees.

16. Wal-Mart did nothing to reduce and/or eliminate the hazardous condition on the premises.

17. As a direct and proximate result of the unsafe conditions, Mr. Scott Goodwin has sustained permanent and painful injuries and incurred significant medical expenses.

18. Again, Wal-Mart had a duty to maintain the premises in a safe manner and in accordance with all applicable codes.

### IV. CAUSES OF ACTION

19. The allegations contained in Paragraphs 1 through 18 are hereby incorporated by reference.

20. Wal-Mart leased and/or owned the property upon which Scott Goodwin sustained his injuries. As such, it is responsible for maintaining the premises in a safe manner.

21. Wal-Mart owed a duty to Scott Goodwin to exercise reasonable care and to maintain its premises and parking lot in a safe condition.

29570_00/21001/JGG-4874-0094-4165_1

22. Wal-Mart, its agents and/or employees either knew or should have known of the dangerous condition and the unreasonable hazard presented.

23. Prior to Scott Goodwin's fall, Wal-Mart Store # 4414, through its employees and agents, caused and/or did not rectify, correct or warn of the dangerous condition that existed on its premises.

24. Wal-Mart failed to exercise reasonable care by not rectifying, guarding against, warning of or correcting the dangerous condition.

25. Wal-Mart failed to warn or otherwise make known to their patrons and visitors that the oil was in the area where they would necessarily be walking. The oil was located near the cart return, an area frequented by store patrons.

26. Wal-Mart's negligence and negligence *per se* was the sole and proximate cause of Scott Goodwin's fall, as a result of which he suffered severe and permanent injuries.

27. Wal-Mart's wanton disregard for the safety of its patrons resulted in Scott Goodwin's fall and resulting injuries.

28. As a result of Wal-Mart's negligence, Amanda Goodwin has suffered a loss of consortium.

## V. DAMAGES

29. The allegations contained in Paragraphs 1 through 28 are hereby incorporated by reference.

30. As a direct and proximate result of Wal-Mart's negligence, Scott Goodwin is to be compensated for the following damages:

    a. Mental and physical suffering, including future pain and suffering;

      b.      Reasonable and necessary medical expenses incurred and likely to be incurred;

      c.      Loss of enjoyment of life;

      d.      Miscellaneous expenses; and

      e.      Punitive damages

31. As a direct and proximate result of Wal-Mart's negligence, Amanda Goodwin is to be compensated for her loss of consortium.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. That summons and process issue to compel Wal-Mart to appear and answer this Complaint within the time prescribed by law;

2. That a money judgment in excess of $250,000 for compensatory and punitive damages be entered against Wal-Mart;

3. That a jury be empaneled to try the issues of this action;

4. That the cause of this action be taxed against Wal-Mart; and

5. Such other general and equitable relief that the Court deems proper.

Respectfully submitted,

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

By: _____
William R. Dearing, BPR No. 14293
Jeffrey G. Granillo, BPR No. 27259
Liberty Tower | Suite 1700
605 Chestnut Street
Chattanooga, TN 37450
Telephone:     (423) 757-0249
Facsimile:     (423) 508-1249

*Counsel for Plaintiffs Ronald "Scott" and Amanda Goodwin*

Dated: 07/05/22